*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re TRUESDELL/HICKEY, Minors.

UNPUBLISHED
January 15, 2019

No. 344494
Kent Circuit Court
Family Division
LC No. 16-050714-NA

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to her minor children NT and AH under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist) and (g) (failure to provide proper care and custody). We affirm.

This case arose when mother and NT tested positive for methamphetamine at his birth. Throughout this case, mother intermittently participated in substance abuse treatment services, but she was reluctant to engage in services to address her triggers and her substance abuse generally. Mother was able to attain brief periods of sobriety, but tested positive for methamphetamine many times throughout this case. Mother argues on appeal that the trial court erred in concluding that termination of her parental rights was in the children's best interests.[1]

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re*

---

[1] Mother does not challenge the existence of statutory grounds for termination of her parental rights. As such, we may assume that the trial court did not clearly err in finding that the unchallenged statutory grounds were established by clear and convincing evidence. See *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds *In re Trejo*, 462 Mich 341, 353 n 10; 612 NW2d 407 (2000). Nevertheless, having reviewed the record, we find no clear error in the trial court's determination that clear and convincing evidence existed to support termination under at least one of the alleged statutory grounds. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

*Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The petitioner bears the burden of proving that termination is in the child's best interests by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews the trial court's best-interest determination for clear error. MCR 3.977(K); *In re Olive/Metts*, 297 Mich App at 40. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

When considering best interests, the focus is on the child rather than the parent. *In re Moss*, 301 Mich App at 87. "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In deciding whether termination is in the child's best interests, the trial court may consider the child's bond to the parent; the parent's parenting ability; the child's need for permanency, stability, and finality; and the advantages of a foster home over the parent's home. *In re Olive/Metts*, 297 Mich App at 41-42. In addition, other factors that the trial court can consider include how long the child has lived in foster care and the likelihood that "the child could be returned to [the] parents' home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

In this case, mother's continued substance abuse and failure to comply with her case service plan weighed in favor of termination. The trial court found that mother's 60% attendance rate for parenting-time visits was not sufficient given the medical issues associated with one child and the young ages of both children. This weighed in favor of the trial court's finding that termination was in the children's best interests. See *In re Olive/Metts*, 297 Mich App at 41-42. Mother's failure to visit the children consistently also demonstrated a lack of bond. See *In re BZ*, 264 Mich App at 301. Additionally, mother's failure to participate in services indicated that her substance abuse was unlikely to improve, and, as a result, the children were unlikely to be returned to her in the foreseeable future. It is clear from the services that mother received before the children were returned to her care in July 2017, and from the current circumstances, that mother "failed to derive any lasting benefit" from her prior services. See *In re Olive/Metts*, 297 Mich App at 43. Given that mother was involved in child protection proceedings for over two years and that she failed to resolve her substance abuse issues during that time, there is no indication that she would be able to provide permanency and stability for the children in the foreseeable future. See *In re Frey*, 297 Mich App at 248-249. Therefore, termination of her rights was in the children's best interests.

For the reasons discussed above, the trial court did not clearly err in finding that termination was in the children's best interests. See *In re BZ*, 264 Mich App at 296.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle